UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

INMAN    . Plaintiff,

-against-

CITY            Defendant.
------------------------------------------------------------X

08 Civ. 8239 (DAB)

**SCHEDULING ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/24/09

DEBORAH A. BATTS, United States District Judge.

**I.   TO BE COMPLETED BY THE PARTIES**

Trial: Estimated trial time is __3-4 DAYS__

Jury √__. Non-Jury ____. (Please Check.)

**II.   TO BE COMPLETED BY THE COURT**

Pursuant to Fed. R. Civ. P. 16, after holding a pre-trial conference,

**IT IS HEREBY ORDERED** that:

**Pleadings and Parties:** Except for good cause shown --

1.   No additional parties may be joined after _____.

2.   No additional causes of action or defenses may be asserted after _____.

**Discovery: Except for good cause explicitly set forth by letter and shown**, all discovery, including expert discovery, shall be commenced in time to be completed by __1/29/10__. The court expects discovery to be completed within 60 days of the first scheduling conference unless, after the expiration of that 60 day period, <u>all</u> counsel stipulate that an additional period of time (**not to exceed 60 more days**) is needed to complete discovery, and the Court approves such extension.

**Dispositive Motions:** A party contemplating making a dispositive motion must notify opposing counsel by __3/1/10__. Except for extraordinary cause shown and subsequent permission of the Court given, no party may make a motion for summary judgment until after the completion of discovery.

Within 10 days of serving its intent to file for summary judgment, the moving party must serve on the opposing side and submit to Chambers a letter no more than two pages in length setting forth the proposed basis for summary judgment. Within 10 days of the receipt of this letter, the opposing side must respond by letter to the moving party's request. These letters shall form the basis of discussion at the pre-motion conference held with the Court. However, if the Court finds that a conference is not necessary, the Court will issue a motion schedule.

[Revised October 30, 2002]

ASSUMING NO DISPOSITIVE MOTIONS ARE MADE:

**Proposed Requests to Charge** and **Proposed** Voir Dire shall be submitted by __3/31/10__.

**Joint Pre-trial Statement** ("JPTS"): A JPTS shall be submitted by __3/31/10__. The JPTS shall conform to the Court's Individual Practices and Supplemental Trial Procedure Rules.

**Memoranda of Law** addressing those issues raised in the JPTS shall be submitted by __3/31/10__. Responses to the Memoranda shall be submitted by __4/13/10__. There shall be no replies.

**Additional Conference(s)** _____ at _____.

For non-jury trials only: Proposed Findings of Fact and Conclusions of Law shall be submitted in accordance with the Court's directions.

ANY REQUEST FOR AN EXTENSION MUST BE MADE IN WRITING, AT LEAST ONE WEEK BEFORE THE DEADLINE IN QUESTION, AND MUST STATE THE OTHER PARTY'S POSITION.

**Other Directions:** Once all papers have been submitted, a final pre-trial conference will be held which shall be attended by trial counsel.

In the event a dispositive motion is made, the dates for submitting the Memoranda of Law, Requests to Charge, Proposed Voir Dire, and JPTS shall be adjourned from those shown above, and shall then begin to run (in the same timing sequence as set forth above) from three (3) weeks from the filing date of the decision on the motion.

Otherwise, if an adjournment is granted, then all subsequent events are simultaneously adjourned in the same timing sequence as set forth above, except any scheduled conferences, which are adjourned sine die.

At any time after the ready for trial date, counsel must notify the Court and their adversaries in writing of any potential scheduling conflicts that would prevent a trial at a particular time, including, but not limited to, trials and vacations. Such notice must come **before** counsel are notified by the Court of an actual trial date, **not after**. Counsel should notify the Court and all other counsel in writing, at the earliest possible time of any particular scheduling problems involving out-of-town witnesses or other exigencies.

All counsel are responsible for having copies of and complying with the contents of the current version of the Court's Individual Practices and Supplemental Trial Procedure Rules, which may be obtained from the Courtroom Deputy or on-line at http://www.nysd.uscourts.gov/judges/USDJ/batts.htm. Periodically, the Court will revise its Individual Rules. Notice of these revisions or amendments will be posted in the **New York Law Journal** and copies will be available at the **Cashier's Window** in the Clerk's Office at 500 Pearl Street.

FAILURE TO COMPLY WITH THIS ORDER MAY RESULT IN SANCTIONS.

*This case is consolidated with Ellis v DOC 08 Civ 6705(DAB) for discovery purposes only (at this time).*

SO ORDERED.
DATED:    New York, New York
July 24, 2009

_____
DEBORAH A. BATTS, U.S.D.J.

[Revised October 30, 2002]